**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **KENDALL GARLAND,** : | |
|           **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 19-2996** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
|           **Defendants.** : | |
| : | |

# ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the Second Motion to Dismiss of Defendant, the City of Philadelphia, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is **FURTHER ORDERED** that all claims against Defendant are **DISMISSED WITH PREJUDICE**.

                                                                           BY THE COURT:

                                                              _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENDALL GARLAND,** | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : No. 19-2996 |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| **Defendants.** | : |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant, the City of Philadelphia, by and through the undersigned counsel, hereby files this Second Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court dismiss the claims asserted against it with prejudice.

Date: October 18, 2019

Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114
shannon.zabel@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KENDALL GARLAND,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 19-2996** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Kendall Garland has filed an Amended Complaint, again seeking to circumvent Third Circuit case law by suing the City of Philadelphia without including any factual allegations regarding the City's personal involvement, a municipal policy or custom, or a policymaker in his Amended Complaint. Plaintiff's allegations in this Complaint seem to be that he disliked the conditions of confinement at the Philadelphia Prison Systems; "City officials" were present at his Gagnon hearing and did not immediately release him; and he was attacked by another inmate while in prison, allegedly because the Philadelphia Prison System allowed it. None of the above allegations state a constitutional claim against the City of Philadelphia. Accordingly, the Court should dismiss Plaintiff's claims against the City with prejudice.

**I.   BACKGROUND**

On September 30, 2019, Plaintiff filed an Amended Complaint alleging constitutional violations against the City of Philadelphia, Probation Officer David Knorr and Probation Supervisor Michael Hernandez related to his August 8, 2017 arrest and detention. *See* Amended Complaint ("Am. Cmplt.").

From the Amended Complaint, it appears that Plaintiff was incarcerated prior to June 2017, due to Sex Offender Registration and Notification Act ("SORNA") allegations. *Id.* at ¶ 5. He states that "those abusive charges were resolved in favor of the plaintiff" and he was released from prison. *Id.* Upon Plaintiff's release, David Knorr was assigned to be his probation officer. *Id.*

Plaintiff alleges that "at some prior point" he was informed that he would no longer be permitted to own a personal laptop. *Id.* at ¶ 6. Plaintiff "was forced to sell his laptop to a pawn shop," even though his conviction "had entirely nothing to do with a computer or internet access." *Id.* at ¶¶ 8-9. The Complaint goes on to state that on August 8, 2017, agent David Knorr conducted a visit to the plaintiff's address, and "without plaintiff's permission or consent, and without probable cause" searched the plaintiff. *Id.* at ¶¶ 12-13. Plaintiff alleges that Agent Knorr was "essentially looking for a reason to arrest" him because Agent Knorr believed that plaintiff had broken the law and should be in jail. *Id.* at ¶ 15. Agent Knorr noticed "devices that the plaintiff had used to back up the data from his laptop after being forced to sell it." *Id.* at ¶ 17. Plaintiff claims that Agent Knorr repeatedly asked him if the devices had wi-fi capability. *Id.* at ¶ 21. Plaintiff alleges that simply for possessing these devices, Agent Knorr immediately handcuffed, detained and arrested him. *Id.* at ¶ 22. Plaintiff avers that the Court lifted the probation detainer on December 8, 2017. *Id.* at ¶ 54. He also states that during his incarceration he was attacked and injured. *Id.* at ¶ 56.

With regards to the City of Philadelphia, Plaintiff alleges that he was incarcerated at the House of Corrections, a Philadelphia Prison System facility. Am. Cmplt. at ¶¶ 37-38. Plaintiff claims that the prison was overcrowded, and the people incarcerated in the prison "have allegations of probation violation and some even had open cases, and some even serious open cases involving guns or violence." *Id.* at ¶ 41. Plaintiff also complains about "the constant flow of inmates being

admitted" and the fact that House of Corrections was "an older prison." *Id.* at ¶¶ 42-43. Plaintiff alleges that "because of this practice and policy by the City of Philadelphia," inmates are "forced to endure horrible and extra harsh conditions," such as "soap and basic necessities are often deprived." *Id.* at ¶ 44. The Amended Complaint also states that "as a direct result of the policies and practices of the City", inmates "are often improperly forced to fend for themselves and attempt to protect themselves." *Id.* at ¶ 45. Plaintiff claims that the City somehow "failed to adequately protect" him from harm. *Id.* at ¶ 46. Additionally, Plaintiff alleges that, at his Gagnon hearing, "City of Philadelphia officials with authority to make a decision regarding [his] continued detention" were present and failed to release him. *Id.* at ¶¶ 47-51.

Plaintiff appears to bring claims against the City of Philadelphia for alleged constitutional violations related to his arrest and incarceration. Accordingly, the City construes these claims as brought under 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

## II. ARGUMENT

Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983.

Plaintiff's Amended Complaint against Defendants fails for several reasons. First, Plaintiff fails to allege a constitutional violation against the City. Second, he fails to allege a municipal liability claim against the City of Philadelphia, instead parroting the legal language without any supporting factual averments. Finally, Plaintiff fails to identify a municipal policymaker. Accordingly, Plaintiff's Amended Complaint against the City should be dismissed with prejudice.

**A. The Court Should Dismiss the Complaint Because Plaintiff Fails to Allege an Underlying Constitutional Violation.**

At the outset, Plaintiff fails to state a claim because the facts alleged in his Amended Complaint do not plausibly suggest that he has suffered a constitutional violation. A plaintiff cannot bring a § 1983 claim without demonstrating that she suffered the deprivation of a federal right. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Here, Plaintiff alleges the prison was "overcrowded," "older," and provided "insufficient materials to adequately cover inmates [sic] basic needs like soap for showers." *See* Am. Cmplt. at ¶¶ 41, 43, 46. He also baldly alleges that the City "failed to adequately protect" him from harm while he was incarcerated. *Id.* at ¶ 46.

Such conclusory allegations, even taken as true, do not suffice to state a claim under § 1983. Courts have routinely held that more specific and harsher conditions fail to state a claim

6

under § 1983. *See Gardner v. Lanigan*, No. 13-7064, 2013 WL 6669230, at *3 (D.N.J. Dec. 18, 2013) (holding that an allegation that an inmate "slept on a cold floor and . . . was confined to a cell lacking light and drinking water" failed to state a claim); *Wagner v. Algarin*, No. 10-2513, 2010 WL 5136110, at *1, *3 (E.D. Pa. Dec. 16, 2010) (holding that allegations that a plaintiff slept in gyms, classrooms, and three and four-man cells while in prison, and that such sleeping arrangements were "hazardous," failed to state a claim under § 1983); *see also Allah v. Ricci*, 532 F. App'x 48, 50-51 (3d Cir. 2013) (holding that "not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights" because "only 'extreme deprivations' are sufficient to present a claim for unconstitutional conditions of confinement") (citations omitted).

Furthermore, Plaintiff provides no factual allegations regarding how the City of Philadelphia allegedly arrested and detained him, beyond asserting the City "officials" were present at the Gagnon hearing and did not immediately release him. This is not sufficient to allege a constitutional violation by a municipality. Plaintiff has thus failed to plead that he suffered any sort of constitutional violation, and the Court should dismiss his Amended Complaint against the City.

### B. Plaintiff Fails to State a *Monell* Claim Against the City of Philadelphia.

Plaintiff also fails to state a *Monell* claim against the City in his Amended Complaint. A plaintiff cannot recover against the City of Philadelphia under a *respondeat superior* theory of liability. In order to prevail against the City, a plaintiff must allege that (1) a constitutionally-protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480

(3d Cir. 1990).

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

Here, Plaintiff fails to adequately allege a *Monell* claim for multiple reasons. First, as discussed *supra*, Plaintiff has failed to even allege a constitutional violation in his Amended Complaint. Secondly, Plaintiff's Amended Complaint fails to include factual allegations regarding a municipal policy or custom. Third, Plaintiff fails to make factual allegations regarding the conduct of a municipal policymaker.

1. Plaintiff's *Monell* Claim Fails Because He Pleads No Facts Regarding a Municipal Policy or Custom.

The Court should dismiss the City of Philadelphia from this case because Plaintiff fails to allege any facts regarding a City policy or custom in his Amended Complaint. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim on the pleadings. *See id.* at 102. The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

In this case, Plaintiff has repeated the pleading failures of *Wood* and brought a *Monell*

claim without making any factual allegations about a municipal policy or custom. Instead, Plaintiff merely parrots the legal standard throughout his Amended Complaint without making a single factual averment about a citywide policy or custom that actually caused a deprivation of federal rights. *See* Am. Cmplt. at ¶¶ 44-46. Such vague and general allegations fail to state a claim, because a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* averments include no such factual allegations. Therefore, the Court should dismiss Plaintiff's Amended Complaint against the City. *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

        2.    <u>Plaintiff's *Monell* Claim Fails Because He Does Not Adequately Allege Conduct by a Municipal Policymaker.</u>

Plaintiff also fails to state a *Monell* claim because the Amended Complaint does not allege conduct by a specific policymaker involved in the formation of a custom or policy. The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim. *McTernan v. City*

9

*of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action"). Here, Plaintiff's Amended Complaint fails to set forth any factual allegations about the conduct of such a policymaker. Therefore, the Court should dismiss Plaintiff's claims against the City for this additional reason. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

## IV. CONCLUSION

Given the above, Defendant, the City of Philadelphia, respectfully requests that all claims asserted against it be dismissed. Further, given the fact that Plaintiff is unable to cure the defects in his claims against the City, they should be dismissed with prejudice.

Date: October 18, 2019                                             Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Attorney Identification No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor

Philadelphia, PA 19102
(215) 683-5114
shannon.zabel@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENDALL GARLAND,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 19-2996** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the Defendant's Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading. I also certify that a copy of the Motion to Dismiss has been served upon the Plaintiff by email, at Plaintiff's request, at: garlandkendall6@gmail.com and by certified mail, postage prepaid, as follows:

Kendall Garland
315 S. Broad Street
Philadelphia, PA 19107


Date: October 18, 2019    Respectfully submitted,


*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Attorney Identification No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5114
shannon.zabel@phila.gov