IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KENDALL GARLAND, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| | : | No. 19-2996 |
| PROBATION OFFICER AGENT DAVID KNORR, et al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2020, upon consideration of Defendants David Knorr and Michael Hernandez's Motion to Dismiss the Amended Complaint, it is hereby ORDERED that the Motion is GRANTED. The Amended Complaint is hereby DISMISSED as to them.

BY THE COURT:

_____
JOSEPH F. LEESON, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENDALL GARLAND, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 19-2996 |
| PROBATION OFFICER AGENT DAVID KNORR, et al., | : | |
| Defendants. | : | |

## KNORR AND HERNANDEZ'S MOTION TO DISMISS THE AMENDED COMPLAINT

David Knorr and Michael Hernandez, pursuant to Fed. R. Civ. P. 12(b)(6), hereby request that the Amended Complaint be dismissed for the reasons described in the attached Memorandum of Law.

Wherefore, Defendants request that the Amended Complaint be dismissed as to them.

JOSH SHAPIRO
Attorney General

By:    /s/ Jeffrey Mozdziock

JEFFREY MOZDZIOCK
Deputy Attorney General
Attorney I.D. No. 320543

Office of Attorney General
The Phoenix
1600 Arch Street
Philadelphia, PA 19103
Phone: (215) 560-2404
Fax:    (717) 772-4526

Karen M. Romano
Chief Deputy Attorney General
Civil Litigation Section

Date: February 24, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENDALL GARLAND, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 19-2996 |
| PROBATION OFFICER AGENT DAVID KNORR, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF KNORR AND HERNANDEZ'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**I.   INTRODUCTION**

Plaintiff Kendall Garland brings this pro se civil rights action pursuant to 42 U.S.C § 1983 against former Parole Agent David Knorr and Parole Supervisor Michael Hernandez, former and present employees of the Pennsylvania Board of Probation and Parole ("PBPP"). Plaintiff claims that Knorr and Hernandez violated his constitutional rights under a variety of theories arising from Plaintiff's arrest for violating his probation. However, this is not Plaintiff's first attempt to bring suit for his August 2017 arrest. Plaintiff brought an identical suit in the Philadelphia County Court of Common Pleas where it was dismissed, and the dismissal was affirmed by the Superior Court. Plaintiff is precluded from bringing suit for this arrest. Furthermore, Plaintiff's Amended Complaint fails to state a cause of action against Knorr and Hernandez. Even under the more liberal construction afforded pro se litigants, see Atun El v. U.S., C.A. No. 13-3970, 2014 WL 1281230, at *1 (E.D. Pa. March 31, 2014), citing Haines v. Kerner, 404 U.S. 519 (1972), the Amended Complaint should be dismissed.

II.     ARGUMENT

A.      Standard on a Motion to Dismiss

Rule 12(b)(6), Failure to State a Claim

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009). The Supreme Court in Iqbal clarified that the decision in Twombly "expounded the pleading standard for 'all civil actions.'" Iqbal, 556 U.S. at 684. The Court explained that although a court must accept as true all the well-pleaded factual allegations, that requirement does not apply to legal conclusions; the pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 684; Santiago v. Warminster Tp., 629 F.3d 121, 128 (3d Cir.2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

B.      Summary of Alleged Facts

Plaintiff Kendall Garland was released from prison in June 2017 and was placed on probation. Am. Compl., ¶ 5 (ECF No. 12-1). He was released after the favorable termination of charges related to SORNA violations. Id. As a condition of his probation, Plaintiff was informed that he would no longer be allowed to own his laptop. Id., at ¶ 6. As a result, Plaintiff sold his laptop and backed up his files to two portable hard drives. Id., at ¶ 8.

Former Parole Agent David Knorr was assigned to be Plaintiff's probation officer in June 2017. Id., at ¶ 5. During a meeting with Plaintiff, Knorr said, "I know you broke the law and should be in prison, but instead here you sit in front of me." Id., at ¶ 10. On August 8, 2017,

Knorr made an official visit to Plaintiff's address. Id., at ¶ 12. During the visit, Knorr searched Plaintiff and noticed the two external hard drives. Id., at ¶¶ 13-14. Knorr seized the hard drives and reiterated to Plaintiff that Plaintiff could not possess computers or access the internet. Id., at ¶¶ 18-20. Because of this probation violation, Knorr arrested Plaintiff and initiated probation revocation proceedings. Id., at ¶ 22. Prior to transporting Plaintiff to the Philadelphia prison system, Plaintiff believes that Knorr contacted Parole Supervisor Michael Hernandez for permission to detain and arrest Plaintiff. Id., at ¶ 24. Plaintiff was then taken to the Philadelphia Prison System and housed in the "House of Corrections." Id., at ¶¶ 37-38. Upon commitment to the facility, a warrant for detention was issued in order to have the Plaintiff detained in the Philadelphia prison. Id., at ¶ 39. During his incarceration, Plaintiff was attacked and injured. Id., at ¶ 56. Plaintiff had a Gagnon I hearing inside the Philadelphia prison. Id., at ¶ 47. Plaintiff was not released after this hearing. Plaintiff avers that the Court lifted the probation detainer on December 8, 2017. Id., at ¶ 54.

**C.      Plaintiff is Precluded from Bringing this Suit**

To the extent Plaintiff sues Knorr and Hernandez for violations of his civil rights arising from his arrest on August 8, 2017, he is precluded from bringing those claims. Plaintiff previously brought a suit, pursuant to 42 U.S.C. § 1983, against Knorr for "malicious prosecution, false imprisonment, abuse of process, retaliation, and various due process violations" in the Court of Common Pleas of Philadelphia County. See Garland v. Gardner, 209 A.3d 1054 (Pa. Super. Ct. 2019), for text, see No. 2433 EDA 2018, 2019 WL 517687 (Pa. Super. Ct. Feb. 11, 2019), Exhibit A hereto. The Court dismissed the claims as frivolous, and the Superior Court affirmed the trial court's Order.

The doctrine of res judicata precludes a party from relitigating a matter based on the same cause of action that was or could have been raised in a prior proceeding. Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1086 (3d Cir.1988). In order to prevail on a defense of res judicata, a defendant must demonstrate that there has been: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action. Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir.1991).

As to the first prong, a dismissal for failure to state a claim upon which relief can be granted under the PLRA screening provisions, constitutes a "final judgment on the merits" for the purposes of res judicata. See, e.g., Cieszkowska v. Gray Line New York, 295 F.3d 204 (2d Cir.2002)(giving res judicata effect to a prior suit which had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and hence barring a second suit which the District Court dismissed "for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was barred by res judicata"); Zochlinski v. University of California, 2005 WL 2417649, *6 (E.D.Cal. Sept.7, 2005) ("Since a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a judgment on the merits ... the same is true of a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)."). Cf. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits" ' for purposes of res judicata).

Here, Plaintiff's Complaint in state court was dismissed as frivolous for failure to set forth a cause of action upon which relief could be granted. As the Superior Court noted, "the trial court's opinion comprehensively discusses and disposes of each of appellant's claims." Garland,

2019 WL 517687 at p. 2. Plaintiff cannot argue that he did not receive a final judgment on the merits in his original suit.

The second prong requires that the previous suit involve the same parties or their privies. The Court of Appeals for the Third Circuit, among other courts, has broadened the availability of res judicata to persons who were not parties to or in "privity" with parties in the earlier case. See Bruszewski v. United States, 181 F.2d 419 (3d Cir.), cert. denied, 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950). In Bruszewski, the court significantly broadened the availability of res judicata to persons who were not necessarily parties to or in "privity" with parties in the earlier case. Creely v. Crestview Ctr., No. CIV.A. 05-CV-2080, 2005 WL 2178920, at *2 (E.D. Pa. Sept. 7, 2005). Where the same plaintiff sues in multiple suits on identical causes of action, defendants in the later suits who were not named as defendants in the earlier suits are entitled to the benefit of res judicata so long as there is a close or particular relationship with the defendants in the earlier suit. Creely, 2005 WL 2178920, at *2 quoting Bruszewski, 181 F.2d at 422.

Here, Hernandez was not named in the first suit. However, he has a very close relationship to Knorr, who was named in the first suit. Plaintiff alleges that Knorr called his supervisor Hernandez to seek permission to arrest Plaintiff. Am. Compl., at ¶ 24. It is this approval by Hernandez which Plaintiff imputes liability to him. Where the state court held that Knorr's actions did not violate Plaintiff's rights, the mere approval by Hernandez for Knorr to take those actions cannot be held to violate the law either.

Finally, the third prong requires that this subsequent suit based on the same cause of action as the first. It is clear that this suit meets the requirement. Plaintiff sued in state court under 42 U.S.C. § 1983 for constitutional violations stemming from his August 8, 2017 arrest by

Knorr. Additionally, in that suit, Plaintiff alleged that Knorr had no basis to arrest and/or detain Plaintiff and that Knorr retaliated against Plaintiff.

Because this lawsuit meets the three-pronged test for res judicata, Plaintiff is precluded from bringing this action against Knorr and Hernandez, and the Amended Complaint should be dismissed as to them.

**D.      Plaintiff Does Not State a Claim under Section 1983**

   **1.      Plaintiff Does Not State a Claim for an Illegal Search and Seizure Against Knorr**

A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be "reasonable." Griffin v. Wisconsin, 483 U.S. 868, 873, 107 S. Ct. 3164, 3168, 97 L. Ed. 2d 709 (1987). The Supreme Court has held that in certain circumstances government investigators conducting searches pursuant to a regulatory scheme need not adhere to the usual warrant or probable-cause requirements as long as their searches meet "reasonable legislative or administrative standards." Camara v. Municipal Court, 387 U.S. 523, 538, 87 S.Ct. 1727, 1736, 18 L.Ed.2d 930 (1967). See New York v. Burger, 482 U.S. 691, 702–703, 107 S.Ct. 2636, ——, 96 L.Ed.2d 601 (1987); Donovan v. Dewey, 452 U.S. 594, 602, 101 S.Ct. 2534, 2539, 69 L.Ed.2d 262 (1981); United States v. Biswell, 406 U.S. 311, 316, 92 S.Ct. 1593, 1596, 32 L.Ed.2d 87 (1972). A State's operation of a probation system, like its operation of a school, government office or prison, or its supervision of a regulated industry, likewise presents "special needs" beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements. Griffin, 483 U.S. at 873–74.

Under Pennsylvania law, a probation officer may conduct a personal search of a probationer "if there is a *reasonable suspicion* to believe that the offender possesses contraband or other evidence of violations of the conditions of supervision." 42 Pa. Cons.Stat. Ann. §

9912(d)(1)(i) (emphasis added). Reasonable suspicion is "determined in accordance with constitutional search and seizure provisions as applied by judicial decision," and is to take into account several factors, including the probation officer's experience with the probationer, information provided to the officer by the probationer, and the need to verify compliance with the conditions of supervision. *See id.* § 9912(d)(6)(i)–(viii). Collura v. Ford, No. CV 13-4066, 2016 WL 409228, at *21 (E.D. Pa. Feb. 3, 2016).

Here, the Amended Complaint fails to establish that Knorr lacked any reasonable suspicion to believe that Plaintiff possessed items which may violate his probation. Plaintiff relies on his legal conclusion that Knorr lacked probable cause; however, probable cause is not required to perform a search of a probationer. As such, the illegal search and seizure claim should be dismissed.

### 2. Plaintiff Does Not State a Claim for False Arrest, Malicious Prosecution, or False Imprisonment Against Knorr and Hernandez

Three of Plaintiff's Section 1983 claims – false arrest, malicious prosecution, and false imprisonment – require a Plaintiff to show that the underlying arrest was not supported by probable cause. See Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988); see also Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995) (noting that false arrest claims vindicate the right to be free from arrest except on probable cause); Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003) (explaining that party must show an absence of probable cause to win a claim for malicious prosecution); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (stating that arrest based on probable cause cannot become the source of a claim for false imprisonment). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti, 71

F.3d at 483.

Here, Knorr noticed that Plaintiff had accessed a computer to back up files on hard drives, a clear violation of the terms of Plaintiff's probation. See Am. Compl., at ¶¶ 6, 17, 19. Knorr then had knowledge to warrant a belief that Plaintiff had violated his probation. Therefore, Knorr had probable cause to arrest the Plaintiff, and the claims of false arrest, malicious prosecution, and false imprisonment cannot stand against Knorr and Hernandez. These claims should be dismissed.

### 3. Plaintiff Does Not State a Claim for Abuse of Process against Knorr and Hernandez

"An abuse of process occurs when a party employs legal process against another primarily to accomplish a purpose for which it was not designed." Napier v. City of New Castle, 407 Fed.Appx. 578, 582 (3d Cir. 2010) (*citing* Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 307 (3d Cir.2003)). "In contrast to a section 1983 claim for malicious prosecution, a section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" Id. (*quoting* Rose v. Bartle, 871 F.2d 331, 350 n. 17 (3d Cir.1989); Jennings v. Shuman, 567 F.2d 1213, 1217 (3d Cir.1977)). Where a plaintiff alleges injury caused by the filing of improper charges, he does not state a claim for abuse of process. Id.

Plaintiff here alleges that his arrest and detention were not legitimate. As Plaintiff alleges, "Agent Knorr…subsequently arrested the plaintiff and initiated revocation proceedings without cause…." See Am. Compl. ¶ 22. If the original arrest was not legitimate, Plaintiff cannot state an abuse of process claim. Plaintiff's abuse of process claims are meritless and should be dismissed.

### 4. Plaintiff Does Not State a Claim for Retaliation against Knorr

"[T]o plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected activity and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest. Nieves v. Bartlett, 139 S. Ct. 1715, 1724, 204 L. Ed. 2d 1 (2019).

Here, the Plaintiff has failed to plead the absence of probable cause for the arrest. Plaintiff, as a condition of his probation, was not allowed to own his personal laptop anymore and was not allowed computer or internet access. Id., at ¶¶ 6, 19. Knorr noticed that the Plaintiff had used the hard drives to back up data from his laptop during the search. Id., at ¶ 17. Therefore, Knorr had probable cause to arrest the Plaintiff for a violation of his probation. Given that Knorr had probable cause, the Amended Complaint fails to state a retaliatory arrest claim.

### III. CONCLUSION

For the foregoing reasons, Knorr and Hernandez request that the Amended Complaint be dismissed as to them.

JOSH SHAPIRO
Attorney General

By: /s/ Jeffrey Mozdziock

JEFFREY MOZDZIOCK
Deputy Attorney General
Attorney I.D. No. 320543

Office of Attorney General
The Phoenix
1600 Arch Street
Philadelphia, PA 19103
Phone: (215) 560-2404

Karen M. Romano

Fax: (717) 772-4526               Chief Deputy Attorney General
                                  Civil Litigation Section

Date: February 24, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KENDALL GARLAND, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| | : | No. 19-2996 |
| PROBATION OFFICER AGENT DAVID KNORR, et al., | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

    I, Jeffrey Mozdziock, hereby certify that, on February 24, 2020, Defendants' Motion to Dismiss was filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I also hereby certify that a true and correct copy of the above-mentioned motion was mailed, via First Class mail, postage prepaid, to the following:

Kendall Garland
315 South Broad Street
Philadelphia, PA 19107


                                By:    /s/ Jeffrey Mozdziock

                                      JEFFREY MOZDZIOCK